### RANSOM v. PETERS.

1. When the defendant, in an appeal cause pending in the Circuit Court, offers to make his defence against the plaintiff's demand, it is error if the Court refuse to hear the defence in proof by witnesses, that he agreed to abide by the decision of another case which was shewn to have been decided after the agreement. Such an agreement to be binding, must be in writing pursuant to the 15th rule of Court.

Writ of error to the Circuit Court of Marshall county.

APPEAL to the Circuit Court from the judgment of a justice of the peace for a sum under twenty dollars. The record declares that the parties came by their attornies, and the defendant offered to make his defence to the plaintiff's demand; but it appearing to the satisfaction of the Court, by the testimony of witnesses, that this cause was to abide the decision of a case against the said defendant, made at the March term, 1840, of the said Court; it was therefore considered that the plaintiff should recover against the defendant and his sureties in the appeal bond eight dollars and thirty cents. To this judgment the defendant excepted.

HOPKINS, for the plaintiff in error.
ROBINSON, for the defendant.

PER CURIAM.—The agreement to abide by the event of the decision of another cause against the defendant, seems to have been proved by witnesses. This was in direct contravention of the fourteenth rule of Court, which directs that no private agreement or consent between the parties or their attornies, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless the same be in writing, and signed by the party to be bound thereby. The defendant insisted on his right to be heard, and was entitled to the benefit of the rule.

The Circuit Court erred in giving effect to a parol agreement respecting the proceedings. Let the judgment be reversed and remanded for further proceedings.